# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**September 5, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARK M. SAMAAN, M.D.,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-175**          (Cir. Ct. of Kanawha County 22-AA-14)

**WEST VIRGINIA BOARD OF MEDICINE,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mark M. Samaan, M.D., appeals the August 26, 2022, "Order Denying Motion to Reconsider" and June 23, 2022, "Order Dismissing Administrative Appeal" entered by the Circuit Court of Kanawha County. Respondent West Virginia Board of Medicine ("Board") filed a timely response.[1] Dr. Samaan filed a timely reply. The issue on appeal is whether the circuit court erred in dismissing Dr. Samaan's appeal of the Board's Final Decision and Order that revoked his ability to apply for reinstatement of his license to practice medicine and surgery in the State of West Virginia.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

On March 14, 2022, the Board entered a Final Decision and Order that revoked Dr. Samaan's ability to apply for reinstatement of his West Virginia medical license due to his professional misconduct during the time he practiced medicine in West Virginia. The Board determined, after a three-day hearing, that Dr. Samaan engaged in an escalating pattern of inappropriate and aggressive sexual behavior towards female co-workers and patients, including multiple acts of sexual harassment and threatening behavior, and the sexual assault of a patient during an emergency room visit on August 29, 2018. Based on this evidence, the Board revoked Dr. Samaan's entitlement to apply for reinstatement of

---

[1] Petitioner is self-represented. The Board is represented by Greg S. Foster, Esq., and Jamie S. Alley, Esq.

1

his license, which he had voluntarily allowed to expire after formal disciplinary proceedings were instituted against him on June 28, 2019. The Board also ordered that Dr. Samaan be publicly reprimanded and that he pay the costs and expenses of the proceedings.

On April 18, 2022, Dr. Samaan appealed the Board's final order to the Kanawha County Circuit Court. The circuit court's May 2, 2022, scheduling order, issued pursuant to Rule 6 of the West Virginia Rules of Procedure for Administrative Appeals (abrogated July 1, 2022), provided Dr. Samaan thirty days in which to file his brief, setting a June 1, 2022, deadline. This order was vacated on May 5, 2022, when the court became aware that the Board had not yet filed a certified copy of the administrative record in the appeal, and that the Board intended to have motions heard prior to the filing of the record and briefing of the appeal. The Board moved to file certain portions of the administrative record under seal and to seal certain documents filed by Dr. Samaan, which motion was granted by the circuit court. On the 18th day of May 2022, the court received a certified copy of the administrative record. On May 19, 2022, the court entered another scheduling order, setting a deadline of June 17, 2022, for the filing of Dr. Samaan's brief.

Dr. Samaan failed to file his brief as ordered by the court. Accordingly, the circuit court entered its "Order Dismissing Administrative Appeal" on June 23, 2022, on the basis that Dr. Samaan failed to "perfect" his appeal. The order further stated that Dr. Samaan had not sought to amend the scheduling order or otherwise communicate with the court to request an extension of the filing deadline.

On August 15, 2022, nearly two months later, Dr. Samaan served his "Motion to Re-Consider Dismissal of Samaan's Appeal" stating that he had not received any mail from the court since April 2022, blaming "a problem in forwarding mails" via the United States Postal Service. Dr. Samaan's motion stated that he had filled out a USPS mail forwarding form in August 2021 to forward his mail from his permanent address in Arizona to a temporary address in Texas and assumed it would last one year. He also stated that he did not know that the USPS mail forwarding process would not forward registered mail requiring a delivery signature. Dr. Samaan alleged that he had not received the court's scheduling order and did not know that his appeal had been dismissed until he called the Kanawha County Circuit Clerk's office in August 2022. Dr. Samaan requested that the court update his address to send his mail to his parents' home in Michigan and permit him an opportunity to proceed with his appeal, stating that he had "already corrected the mailing problem that was beyond his control."

On August 26, 2022, the circuit court entered its "Order Denying Motion to Reconsider," stating only that it carefully considered Dr. Samaan's motion but denied the same.

Upon review, we find that the circuit court was disproportionately harsh in dismissing the appeal after Dr. Samaan did not file a brief as directed by the court's

2

scheduling order. Although the court had the authority to issue a schedule providing for the submission of briefs by the parties pursuant to Rule 6 of the West Virginia Rules of Procedure for Administrative Appeals, nothing in those rules requires the submission of a petitioner's brief in order to "perfect" an administrative appeal before the circuit courts. Moreover, nothing in the circuit court's scheduling order gave notice to the parties that failure to file a brief would result in any sanction, up to or including dismissal of the appeal. Indeed, the parties had no forewarning of the Court's sua sponte dismissal in this action.

Our Supreme Court "recognize[s] that dismissal based on procedural grounds is a severe sanction which runs counter to the general objective of disposing of cases on the merit." *Dimon v. Mansy*, 198 W. Va. 40, 45-46, 479 S.E.2d 339, 344-45 (1996). Accordingly, in an analogous situation where a circuit court effects an involuntary dismissal under Rule 41(b) of the West Virginia Rules of Civil Procedure for failure to prosecute, the trial court must first give notice and an opportunity to be heard to all parties of record. *Id.* at 49, 479 S.E.2d at 348. "It is well settled that a dismissal by a circuit court under Rule 41(b) for failure to prosecute operates as an adjudication on the merits and, unless reinstated by subsequent court order, such a dismissal is with prejudice." *Id*. at 45, 479 S.E.2d at 344. "Because of the harshness of the sanction, a dismissal with prejudice should be considered appropriate only in *flagrant cases*." (Emphasis added). *Id*. In the case at bar, the circuit court waited only six days after the briefing deadline had elapsed before it dismissed Dr. Samaan's appeal, without giving him any notice or opportunity to be heard. It likewise offered no relief or stated any justification for denying his motion to reconsider. The court provided no analysis or findings of fact to establish that Dr. Samaan's conduct in the case was flagrant or that dismissal was an appropriate sanction for failing to file a brief.

Accordingly, we reverse the court's June 23, 2022, order dismissing the administrative appeal and remand this matter to the Circuit Court of Kanawha County for further proceedings.[2]

Reversed and Remanded.

**ISSUED:** September 5, 2023

---

[2] Pursuant to West Virginia Code § 51-11-4(b)(4) (2022), circuit courts retain jurisdiction over appeals from administrative agency orders entered on or before June 30, 2022.

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen